IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                )
                                         )
               Plaintiff,                )
                                         )
v.                                       )
                                         )      No. 3:22-CR-120-KAC-JEM
KEITH L. AUSTIN                          )
                                         )
               Defendant.                )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Keith Austin's Motion to Continue Trial and All Other Deadlines [Doc. 17], filed on December 7, 2023.

Defendant Austin asks the Court to continue the trial date, which is set for January 9, 2024, for approximately sixty days and to extend the plea deadline. Defendant states that "[c]ounsel has received a proposed plea agreement and needs additional time to review the terms with his client" [Doc. 17 p. 1]. Defense counsel has spoken with Defendant about his speedy trial rights, and Defendant understands that the period of time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes [*Id.* at 1]. Finally, Defendant's motion reflects that the Government has no objection to a continuance [*Id.* at 2].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court finds a trial continuance is necessary to provide defense counsel more time to engage in negotiations toward potential resolutions of this matter, to investigate the effects of any proposed resolution on Defendant's case, and to otherwise prepare this matter for trial if those negotiations prove unfruitful. The Court finds that all of this cannot occur before the January 9, 2024 trial date.

The Court therefore **GRANTS** Defendant Keith Austin's Motion to Continue Trial and All Other Deadlines **[Doc. 17]**. The trial of this case is reset to **March 19, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 7, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Austin's Motion to Continue Trial and All Other Deadlines **[Doc. 17]** is **GRANTED;**

(2) the trial of this matter is reset to commence on **March 19, 2024, at 9:00 a.m.**, before the Honorable Katherine A Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 7, 2023**, and the new trial date of **March 19, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 20, 2024**;

(5) the deadline for filing motions *in limine* is **March 4, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 5, 2024, at 10:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 8, 2024.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge